**In re Dale Frederick ALFORD, Jr., and Terri Ann Alford, Debtors.**

**Susan K. Woodard, Chapter 7 Trustee, Plaintiff,**

**v.**

**Synovus Bank of Tampa Bay, as successor by assignment to United Bank and Trust Company, a Florida banking corporation, and Dale F. Alford, Sr., an individual, Defendants.**

**Bankruptcy No. 8:05–bk–25425–PMG. Adversary No. 8:06–ap–111–PMG.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 25, 2007.

Steven M. Berman, Berman PLC, Tampa, FL, for Plaintiff.

Andrew T. Jenkins, Bush Ross, PA, Tampa, FL, for Defendants.

## ORDER ON PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Dismiss Amended Counterclaim filed by the Plaintiff, Susan K. Woodard, as Chapter 7 Trustee (the Trustee).

The Trustee commenced this adversary proceeding by filing a Complaint to Avoid and Recover Preferential and Fraudulent Transfers against the Defendants, Synovus Bank of Tampa Bay (the Bank) and Dale F. Alford, Sr.

The Bank subsequently filed its Restated Answer and Affirmative Defenses to the Complaint, combined with an Amended Counterclaim. In the Amended Counterclaim, the Bank asserts that it is entitled to an equitable lien on the Debtor's interest in certain Real Property (as defined in the Complaint) and the proceeds thereof.

The matter currently before the Court is the Trustee's Motion to Dismiss the Amended Counterclaim.

### Background

The Debtor, Dale F. Alford, Jr., was the President of a Florida corporation known as Mercury Technology Services, Inc. (MTS).

On August 20, 2002, MTS entered into a Loan Agreement pursuant to which it borrowed the sum of $270,000.00 from the Bank. The Loan was secured by a security interest in all of MTS's machinery and equipment, furniture and fixtures, inventory, contract rights, accounts receivable, and other personal property.

The Loan was also secured by a Mortgage on certain Real Property located in Pasco County, Florida, that was owned by the Debtor and his father as tenants in common. The Mortgage document provided that the "Mortgage is limited to $100,000.00 and intangible taxes in the amount of $200.00."

Finally, in connection with the Loan, the Debtor also signed a Hypothecation Agreement that did not contain any language limiting the amount of the secured claim to $100,000.00.

On August 30, 2005, the Debtor and his father sold the Real Property for the sum

of $410,000.00. Of the total sales price, the Bank received the sum of $170,863.10.

The Debtor and his wife filed a petition under Chapter 7 of the Bankruptcy Code on October 13, 2005.

On February 22, 2006, the Trustee filed the Complaint that initiated this adversary proceeding. In Count I of the Complaint, the Trustee alleges that the transfer of $170,863.10 to the Bank on August 30, 2005, satisfies the elements of a voidable preference under § 547(b) of the Bankruptcy Code. Specifically, the Trustee contends that the Mortgage expressly limited the Bank's secured interest in the Real Property to the sum of $100,000.00, and that the additional $70,863.10 received by the Bank therefore constitutes a payment on account of an antecedent, unsecured debt.

In the Amended Counterclaim to the Trustee's Complaint, the Bank contends that the Debtor had liquidated MTS's assets without the Bank's knowledge or consent. The Bank also contends that the Debtor had agreed to convey all of his equity in the Real Property to the Bank as compensation for his improper liquidation of the corporate assets that served as the Bank's collateral. Finally, the Bank contends that the Debtor did not intend to complete the conveyance of his equity in the Real Property at the time that he made the agreement. Consequently, the Bank asserts that it "is entitled to an equitable lien on the Debtor's interest in the Real Property and the proceeds thereof for the full balance" of the loan.

In the Motion at issue, the Trustee requests that the Court dismiss the Amended Counterclaim (1) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on standing grounds, (2) pursuant to Rule 9(b) for failure to plead fraud with particularity, and (3) pursuant to Rule 12(b)(6) for failure to state a cause of action.

## Discussion

As set forth above, the Bank received the sum of $170,863.10 from the sale of the Real Property on August 30, 2005. The Trustee contends that the Bank's mortgage on the Property was limited to the sum of $100,000.00, with the result that the additional $70,863.10 that the Bank received from the sale constitutes a payment on account of an antecedent, unsecured debt. The Trustee therefore seeks to avoid the transfer of the excess payment as a preferential transfer under § 547(b) of the Bankruptcy Code.

By virtue of its Counterclaim, the Bank seeks to alter the status of the $70,863.10 indebtedness from an unsecured claim to a secured claim. Specifically, the Bank asserts that the debt should be treated as a secured claim because the Bank is entitled to an equitable lien on the Real Property or its proceeds for the full amount owed to it under the original loan.

It appears, therefore, that the Bank is seeking to retroactively impose an equitable lien on the Real Property, since the sale of the Property to a third party was concluded prepetition, on August 30, 2005, and the proceeds of the sale were disbursed on that date. In fact, at the hearing on the Trustee's Motion to Dismiss the Amended Counterclaim, the Bank acknowledged that it was "asking the Court to make a determination that *as of the closing* we had an equitable lien on the property" because of the Debtor's improper conduct. (Transcript, p. 22)(Emphasis supplied).

If the entire debt is characterized as a secured claim, of course, the payment to the Bank of the amount in excess of $100,000.00 would not satisfy all of the elements of a voidable preference under § 547.

Despite the inherent difficulties with the Bank's assertion of an equitable lien, the Court finds that the Trustee's Motion to Dismiss the Amended Counterclaim should be denied.

In the prior Order on the Trustee's Motion to Dismiss the Bank's original Counterclaim, the Court set forth the grounds that may justify the imposition of an equitable lien under Florida law. The Court also considered the Bank's allegations that its collateral had been converted, and that the Debtor had deceitfully caused the Bank to defer payments on the Loan. Based on the allegations and supporting Affidavit, the Court declined to find that the Bank could prove no set of facts establishing its claim for an equitable lien under Florida law.

The Court also noted, however, that the Real Property had been sold prepetition, and that "the Bank is seeking a remedy against property that was never an asset of the bankruptcy estate." Consequently, the Court dismissed the Bank's original Counterclaim, without prejudice to the Bank's right to file an Amended Counterclaim clarifying the precise relief that it seeks. (Doc. 35, p. 11).

In response, the Bank filed the Amended Counterclaim that is currently before the Court. In the Amended Counterclaim, the Bank asserts that it is seeking an equitable lien on "the Debtor's interest in the Real Property and the proceeds thereof." (Doc. 37, pp. 6–7).

The Amended Counterclaim is sufficient to survive the Trustee's Motion to Dismiss. As stated in the Bank's Response to the Motion to Dismiss, "the property that is the subject of the Bank's equitable lien is the same property that the Trustee seeks to recover as a preferential transfer." (Doc. 47, p. 2). In other words, the Bank seeks to obtain an equitable lien on the $70,863.10 that it received as proceeds from the sale of the Real Property. At the same time, the Trustee is seeking to recover the $70,863.10 received by the Bank as a preferential transfer.

Section 541(a)(3) of the Bankruptcy Code provides that the property of a bankruptcy estate includes "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title." 11 U.S.C. § 541(a)(3). Section 550 enables a trustee to recover property that was the subject of a transfer that was avoided under § 547 as a preferential payment. 11 U.S.C. § 550. By operation of § 541(a)(3) and § 550, therefore, it appears that the Bank is seeking an equitable lien on property that presently constitutes property of the estate, or that may become property of the estate if the Trustee prevails in this adversary proceeding.

Given the amended statement of its request for relief, the Court cannot determine that the Bank can prove no set of facts in support of its claim for an equitable lien. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)(quoted in *In re Venice–Oxford Associates Limited Partnership*, 236 B.R. 814, 816–17 (Bankr. M.D.Fla.1998)). Consequently, the Trustee's Motion to Dismiss Amended Counterclaim should be denied.

Accordingly:

**IT IS ORDERED** that the Motion to Dismiss Amended Counterclaim filed by the Plaintiff, Susan K. Woodard, as Chapter 7 Trustee, is denied.